**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AURELIO VARGAS, JR., | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0462-WSD-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:13-CV-1439-WSD-JFK |
| | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. 53), and the government's response, (Doc. 56). For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.   Background**

Movant was charged with one count of conspiring to possess a machine gun in violation of 18 U.S.C. §§ 371 and 922(o) and with one count of being found present unlawfully in the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Doc. 18). In December 2010, represented by L. David Wolfe, Movant entered into a plea

agreement with the government to plead guilty to both counts. (Doc. 22, "Guilty Plea and Plea Agreement"). Movant agreed that he was subject to maximum terms of imprisonment of five and twenty years and that he understood "that the Court may impose a sentence up to and including the maximum . . . and that no one can predict his exact sentence at this time[,]" and the Plea Agreement sections on sentencing contain no agreement as to what length of sentence the government might recommend. (Id. at 2-3, 4-5). Movant agreed that his guilty plea could affect his immigration status and result in his removal from the United States and that he wished to plead guilty regardless of possible immigration consequences. (Id. at 3-4). Movant agreed that he voluntarily and expressly was waiving the right to appeal or collaterally attack his conviction and sentence, with the exceptions that he could "file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court" and that he could cross appeal if the government appealed. (Id. at 9). Movant further agreed not to challenge, directly or collaterally, any prior sentence or conviction. (Id. at 10). In exchange for Movant's guilty plea, the government agreed that it would recommend that Movant receive an adjustment for acceptance of responsibility. (Id. at 4).

At the plea hearing, Movant, under oath, stated that he was thirty-one years old; had finished high school in San Diego, California; and for the past few years had worked in car imports and as a heavy equipment broker. (Doc. 24 at 3-4). The Court described the rights that Movant was giving up by pleading guilty, and Movant stated that he understood those rights. (Id. at 4-11). The government described in detail the plea agreement and appeal waiver to which Movant had agreed. (Id. at 12-22). The Court inquired of Movant whether he had listened carefully to the summary of the plea agreement and whether that summary accurately described the plea agreement. (Id. at 22). Movant affirmed that it did. (Id.). The Court inquired whether Movant had been threatened with any adverse action if he did not plead guilty or had been made any promises that were not in the plea agreement, and Movant stated that he had not. (Id. at 23). The Court asked Movant whether anyone had suggested that he not tell the Court the complete truth, and Movant answered "No, sir." (Id.). The Court asked Movant whether anyone had told him what his actual sentence would be, and Movant responded that they had not. (Id. at 23). Further, counsel assured the Court that Movant had not been promised any particular sentence and that he had made it clear to Movant that his sentence was entirely up to the Court's discretion. (Id. at 24-25). After a thorough explanation of the elements of the charges to which Movant was

3

pleading guilty, the Court asked Movant whether he understood and intended to plead guilty to the charges as described, and Movant stated that he understood and intended to plead guilty. (Id. at 26-29). The Court explained the maximum punishment to which Movant was subject, and Movant stated that he understood. (Id. 30-31). The Court explained to Movant that it was not bound by any sentencing recommendation and that it retained discretion to impose the maximum authorized punishment, and Movant stated that he understood. (Id. at 31, 35-36). The Court specifically, and in detail, explained the appeal waiver to Movant, and Movant stated that he understood. (Id. at 36-37). The government stated, as part of its factual basis for the charges, that Movant was aware that the firearm he was purchasing "could function as a fully-automated machine gun." (Id. at 42). Movant assented that the government had accurately described the factual basis for the charges against him. (Id. at 44). Movant stated that he wanted to plead guilty, and the Court accepted his guilty plea. (Id. at 48-50, 53-54).

Before the Court imposed sentence, counsel for Movant (1) objected to the pre-sentence report in regard to the base offense level, criminal history calculation, classification of Movant as a career offender, double use of a prior drug conviction, and overstatement of Movant's criminal history; (2) obtained from the government

4

leeway to argue for a sentence outside the applicable guideline range although Movant, in the plea agreement, had agreed not to request a sentence outside the guideline range; and (3) filed comprehensive argument for a sentence below the guideline range. (Doc. 28, 32, 34; Doc. 39 at 5-51, 54-70). In a judgment and commitment order entered on May 20, 2011, the Court sentenced Movant to a total ninety-six-month term of imprisonment.[1] (Doc. No. 38).

Movant, again represented by Mr. Wolfe, directly appealed and argued that the district court erred in calculating his guideline sentence. Br. of Appellant at 1, United States v. Vargas, No. 11-12485-G (11th Cir. Aug. 12, 2011). On October 18, 2011, the Eleventh Circuit ordered that Movant's appeal be dismissed on the ground that he had entered into a valid appeal waiver. (Doc. 51, Attach.).

Movant now brings a § 2255 motion in which he raises four grounds for relief. (Doc. 53 at 5-6). In Ground One, Movant argues that counsel provided ineffective assistance during his plea, sentencing, and direct appeal. (Id. at 5). Movant argues that his guilty plea was involuntary based on ineffective assistance of counsel. (Id., Mem. at 12). Movant states that he never actually possessed the machine gun; that he was

---

[1] Petitioner's term of imprisonment constituted a downward departure from the guideline range of 130 to 162 months of imprisonment. (See Doc. 39 at 51).

5

not competent to understand the plea agreement; that he lacked knowledge of the elements of the charged offenses; and that, during the plea hearing, he "merely responded [sic] accepted and surrendered his will power in his guilty plea according to the indications of his attorney hoping [sic] a mitigation of the punishment in the sentence." (Id. at 4-5). Movant argues that his counsel was eager to comply with the government's agenda, failed to pursue a viable entrapment defense, abused Movant's ignorance and induced him to "admit the manipulation of the government in the plea[,]" instructed Movant to reply "in monosyllables: yes sir" (apparently in response to the Court's questions during the plea hearing), failed to object during the plea hearing to the government's recommendations, made no effort to negotiate a better deal, failed in his responsibility to advise Movant of collateral consequences, and agreed to a waiver of Movant's right to challenge prior convictions. (Id. at 4-5, 7, 9, 10, 18-19). Movant asserts that counsel gave him incorrect advice – as shown by the answers that Movant gave during the plea hearing. (Id. at 11). Movant also contends that counsel was ineffective on sentencing matters (including failure to seek the suppression of prior convictions that were used against Movant during sentencing) and in prosecuting his appeal. (Id. at 8, 15, 17, 19).

6

Movant argues in Ground Two that the court abused its discretion when it refused to comply with obligations under the plea agreement and in Ground Three that counsel provided ineffective assistance when the government violated the plea agreement with counsel's approval. (Doc. 53 at 5). Movant argues that the government in the plea agreement agreed that it would request a sixty-month term of imprisonment, that the government dishonored that agreement, and that his counsel was pleased to go against Movant's rights. (Id., Mem. at 12). Movant argues in Ground Four that ineffective assistance of counsel caused him to miss out on a earlier, more favorable, plea agreement. (Doc. 53 at 6).

The government responds that the majority of Movant's claims are refuted by the record and that, moreover, Movant fails to establish prejudice. (Doc. 56 at 12, 18-19).

## II. 28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has

7

AO 72A
(Rev.8/82)

been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982).  A "final judgment commands respect[, and] . . . a collateral challenge may not do service for an appeal." Id. at 165.  A defendant "must assert all available claims on direct appeal," Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004), and claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence, McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011), cert. denied, _ U.S. _, 133 S. Ct. 112 (2012).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

On collateral review, it is the movant's burden to establish his right to relief. See Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007) (stating that § 2255 movants have the "burden of establishing their right to relief from the judgment against them"). "An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III. Discussion

A sentence appeal waiver is enforceable if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). A valid waiver waives the right to challenge a sentence via a claim that counsel was ineffective on sentencing matters. See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing."). A valid appeal waiver, however, "does *not* preclude claims brought pursuant to § 2255 that challenge the validity of the

9

defendant's plea or the appeal waiver based on the ineffective assistance of counsel." Patel v. United States, 252 F. App'x 970, 974 (11th Cir. 2007) (emphasis in original).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a movant must show that the advice he received from counsel was deficient and that there is a reasonable probability that, but for counsel's deficient representation, "he would not have pleaded guilty and would have insisted on going to trial." Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (internal quotation marks omitted), cert. denied, _ U.S. _, 133 S. Ct. 484 (2012). A movant's "bare allegation that he would not have pleaded guilty is insufficient to establish prejudice[.]" Roach v. Roberts, 373 F. App'x 983, 985 (11th Cir. 2010); see also Padilla v. Kentucky, 559

10

U.S. 356, 372 (2010) ("[A] petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

Grounds One and Four – which challenge counsel's assistance on the guilty plea, at sentencing, and on direct appeal – fail. The Court properly questioned Movant and ascertained that he understood the appeal waiver. The appeal waiver is valid unless Movant can succeed on his claim that his guilty plea (including the appeal waiver) was involuntary based on ineffective assistance of counsel. As discussed below, Movant fails to do so.

Movant pleaded guilty to conspiring to possess a machine gun (not actual possession), and he admitted in open court under oath that he knew he was purchasing a firearm that could function as a fully-automated machine gun. (Doc. 24 at 42, 44); see Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Movant's contention that he lacked knowledge of the elements of the charged offenses is affirmatively contradicted by the record. (See Doc. 24 at 26-29). Similarly, Movant's assertion that counsel instructed him to reply to the court "in monosyllables: yes sir[,]" (Doc. 53 at 10), – to the extent that the assertion insinuates that counsel instructed him to be less than truthful – also is affirmatively contradicted by the record. (See Doc. 24 at 23). Movant's allegation

11

– that he "merely responded [sic] accepted and surrendered his will power in his guilty plea according to the indications of his attorney hoping [sic] a mitigation of the punishment in the sentence[,]" (Doc. 53 at 4), – indicates a weighed decision to plead guilty in order to mitigate punishment, and it does not show that his plea was involuntary. See Parker v. North Carolina, 397 U.S. 790, 795 (1970) ("[A]n otherwise valid plea is not involuntary because induced by the defendant's desire to limit the possible maximum penalty . . . .").

Movant's assertion that counsel failed to pursue a viable entrapment defense fails because counsel was not required to pursue any defense once Movant decided to plead guilty, and a voluntary guilty plea waives any pre-plea claims of ineffective assistance of counsel. See Hutchins v. Sec'y for Dep't of Corr., 273 F. App'x 777, 778 (11th Cir. 2008) (holding that guilty plea waived ineffective assistance claim on statute of limitations defense). To the extent that Movant intended to argue that the guilty plea was unknowing based on counsel's failure to explain an entrapment defense, he fails, as discussed further below, to show that he was prejudiced based on counsel's alleged failure. Lack of prejudice also defeats Movant's claim that counsel was ineffective on the portion of the plea agreement in which Movant agreed to a waiver of his right to challenge prior convictions.

12

Otherwise, Movant's remaining assertions do not show that his guilty plea was involuntary. Movant does not identify any particular collateral consequences on which counsel did not provide advice, and the plea agreement fully covers the apparent collateral consequences arising from Movant's immigration status. (Doc. 23, "Guilty Plea and Plea Agreement" at 3-4). Movant provides no concrete support for his conclusory assertion that he was incompetent to understand the plea agreement, and his high-school education and work experience do not suggest incompetence. Movant's assertion that counsel made no effort to negotiate a better deal fails because Movant presents nothing to suggest that a better deal may have been available or agreed to by the government. Similarly, Movant's claim in Ground Four that counsel was ineffective for causing him to miss out on an earlier, more favorable, plea agreement fails because Movant presents nothing to suggest that such an agreement actually existed. Movant's non-specific and conclusory assertions that counsel failed to object during the plea hearing to the government's recommendations, gave him incorrect advice, was eager to comply with the government's agenda, and abused Movant's ignorance and induced him "to admit the manipulation of the government in the plea[,]" (Doc. 53 at 9), provide nothing of substance that brings in to question the validity of Movant's guilty plea.

13

Moreover, as mentioned above, Movant fails to show prejudice. At the conclusion of his § 2255 motion, Movant states that he seeks to be re-sentenced to a sixty-month term of imprisonment "in accordance to the signed plea agreement[.]" (Doc. 53, Conclusion). Besides the fact that the plea agreement contains no such term, nowhere in his § 2255 motion does Movant set forth even a "bare allegation" that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. Roach, 373 F. App'x at 985. In § 2255 proceedings, it is the movant's burden to show his entitlement to relief, and Movant has not even attempted to convince the Court, much less convinced the Court, that there is a reasonable probability that he would have rejected the plea and proceeded to trial. Because Movant fails to show that counsel's assistance rendered his guilty plea and his appeal waiver involuntary and invalid, the appeal waiver stands. Based on his valid waiver, Movant's challenges to his sentencing and counsel's assistance at sentencing and on appeal fail.

Movant's Grounds Two and Three also fail.[2] Movant's Ground Two claim that the Court abused its discretion in refusing to comply with the obligations of the plea

---

[2] Review of Ground Two and Three is not precluded by the appeal waiver. An appeal waiver does not waive the right to challenge a breach of the plea agreement. See Brown v. United States, 257 F. App'x 140, 145 n.4 (11th Cir. 2007).

14

agreement fails because it is unexplained and conclusory. Significantly, the plea agreement as explained to Movant, contained no provision binding the Court to the imposition of any particular sentence. (See Doc. 24 at 22-23). To the extent that Movant intended to argue that the Court allowed the plea agreement to be breached when it failed to sentence him to a sixty-month term of imprisonment, his claim fails as procedurally defaulted,[3] because the plea agreement contains no agreement by the government to request a sixty-month term of imprisonment, and because the Court had made it clear to Movant that it was not bound by any sentencing recommendation. (See Doc. 22, "Guilty Plea and Plea Agreement"; Doc. 24 at 35-36). Movant's contention in Ground Three that counsel was ineffective for allowing the government to breach the plea agreement by failing to request a sixty-month term of imprisonment also fails as the plea agreement contains no such agreement.

Based on the above discussion, the undersigned concludes that Movant has failed to show that he is entitled to relief and that his § 2255 motion should be denied.

---

[3] A claim of error by the trial court not raised on direct appeal is procedurally defaulted. See McKay, 657 F.3d at 1196 ("'[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" (quoting Lynn, 365 F.3d at 1232)). Ineffective assistance of appellate counsel does not overcome the default because appellate counsel was not ineffective for failing to raise a meritless issue on appeal.

15

IV. **Certificate of Appealability ("COA")**

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

16

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that ineffective assistance of counsel rendered his guilty plea and appeal waiver invalid or that his plea agreement was breached. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, (Doc. 53), be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 12th day of September, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE