IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AURELIO VARGAS, JR.,<br><br>      Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 1:10-cr-462-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [57] ("R&R"). The R&R recommends denial of Movant Aurelio Vargas, Jr.'s ("Movant") motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255.

**I. BACKGROUND**[1]

Movant was charged with one count of conspiring to possess a machine gun in violation of 18 U.S.C. §§ 371 and 922(o), and with one count of being found present unlawfully in the United States, in violation of 8 U.S.C. §§ 1326(a) and

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

(b)(2).  ([18]).

In December 2010, Movant, represented by L. David Wolfe, entered into a plea agreement with the government to plead guilty to both counts.  ([22] ("Guilty Plea and Plea Agreement")).  Movant agreed that he was subject to maximum terms of imprisonment of five and twenty years, and that he understood "that the Court may impose a sentence up to and including the maximum . . . and that no one can predict his exact sentence at this time[.]"  (Id. at 2-3, 4-5).  Movant understood that the Plea Agreement sections on sentencing did not contain any agreement regarding the length of sentence the government might recommend.  (Id.).  Movant agreed that his guilty plea could affect his immigration status and result in his removal from the United States, and he represented that he wished to plead guilty regardless of possible immigration consequences.  (Id. at 3-4).  Movant agreed that he voluntarily and expressly was waiving the right to appeal or collaterally attack his conviction and sentence, with the exceptions that he could "file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court[,]" and that he could cross appeal if the government appealed.  (Id. at 9).  Movant also agreed not to challenge, directly or collaterally, any prior sentence or conviction.  (Id. at 10).  In exchange for Movant's guilty plea, the government agreed that it would recommend that

Movant receive an adjustment for acceptance of responsibility.  (<u>Id.</u> at 4).

At the plea hearing, Movant, under oath, stated that he was thirty-one (31) years old; he had finished high school in San Diego, California; and for the past few years he had worked in car imports and as a heavy equipment broker.  ([24] at 3-4).  The Court described the rights that Movant was giving up by pleading guilty, and Movant stated that he understood those rights.  (<u>Id.</u> at 4-11).  The government described in detail the plea agreement and appeal waiver to which Movant had agreed.  (<u>Id.</u> at 12-22).  The Court asked Movant whether he had listened carefully to the summary of the plea agreement and whether that summary accurately described the plea agreement.  (<u>Id.</u> at 22).  Movant affirmed that it did.  (<u>Id.</u>).  The Court asked whether Movant had been threatened with any adverse action if he did not plead guilty or had been made any promises that were not in the plea agreement, and Movant stated that he had not.  (<u>Id.</u> at 23).  The Court asked Movant whether anyone had suggested that he not tell the Court the complete truth, and Movant answered "No, sir."  (<u>Id.</u>).  The Court asked Movant whether anyone had told him what his actual sentence would be, and Movant responded that no one had.  (<u>Id.</u> at 23).  Further, counsel assured the Court that Movant had not been promised any particular sentence and that he had made it clear to Movant that his sentence was entirely up to the Court's discretion.  (<u>Id.</u> at 24-25).

After a thorough explanation of the elements of the charges to which Movant was pleading guilty, the Court asked Movant whether he understood and intended to plead guilty to the charges as described. Movant stated that he understood and intended to plead guilty. (Id. at 26-29). The Court explained the maximum punishment to which Movant was subject, and Movant stated that he understood. (Id. 30-31). The Court explained to Movant that it was not bound by any sentencing recommendation and that it retained discretion to impose the maximum authorized punishment, and Movant stated that he understood. (Id. at 31, 35-36). The Court specifically, and in detail, explained the appeal waiver to Movant, and Movant stated that he understood. (Id. at 36-37). The government stated, as part of its factual basis for the charges, that Movant was aware that the firearm he was purchasing "could function as a fully-automated machine gun." (Id. at 42). Movant agreed that the government had accurately described the factual basis for the charges against him. (Id. at 44). Movant stated that he wanted to plead guilty, and the Court accepted his guilty plea. (Id. at 48-50, 53-54).

Before the Court imposed sentence, counsel for Movant (1) objected to the pre-sentence report in regard to the base offense level, criminal history calculation, classification of Movant as a career offender, double use of a prior drug conviction, and overstatement of Movant's criminal history; (2) obtained from the government

leeway to argue for a sentence outside the applicable guideline range although Movant, in the plea agreement, had agreed not to request a sentence outside the guideline range; and (3) filed comprehensive argument for a sentence below the guideline range. ([28], [32], [34]; [39] at 5-51, 54-70).  In a judgment and commitment order entered on May 20, 2011, the Court sentenced Movant to a total ninety-six (96) month term of imprisonment.[2]  ([38]).

Movant, again represented by Mr. Wolfe, directly appealed and argued that the district court erred in calculating his guideline sentence.  Br. of Appellant at 1, United States v. Vargas, No. 11-12485-G (11th Cir. Aug. 12, 2011).  On October 18, 2011, the Eleventh Circuit ordered that Movant's appeal be dismissed on the ground that he had entered into a valid appeal waiver.  ([51] at 2).

Movant, *pro se*, now brings a Section 2255 motion in which he raises four grounds for relief.  ([53] at 5-6).  In Ground One, Movant argues that counsel provided ineffective assistance during his plea, sentencing, and direct appeal.  (Id. at 5).  Movant argues that his guilty plea was involuntary based on ineffective assistance of counsel.  (Id. at 20).  Movant states that he never actually possessed the machine gun; that he was not competent to understand the plea agreement; that

---

[2] Movant's term of imprisonment constituted a downward departure from the guideline range of 130 to 162 months of imprisonment.  (See [39] at 51).

he lacked knowledge of the elements of the charged offenses; and that, during the plea hearing, he "merely responded [sic] accepted and surrendered his will power in his guilty plea according to the indications of his attorney hoping [sic] a mitigation of the punishment in the sentence." (Id. at 4-5). Movant argues that his counsel was eager to comply with the government's agenda, failed to pursue a viable entrapment defense, abused Movant's ignorance and induced him to "admit the manipulation of the government in the plea[,]" instructed Movant to reply "in monosyllables: yes sir" (apparently in response to the Court's questions during the plea hearing), failed to object during the plea hearing to the government's recommendations, made no effort to negotiate a better deal, failed in his responsibility to advise Movant of collateral consequences, and agreed to a waiver of Movant's right to challenge prior convictions. (Id. at 4-5, 7, 9, 10, 18-19). Movant asserts that counsel gave him incorrect advice, as shown by the answers that Movant gave during the plea hearing. (Id. at 11). Movant also contends that counsel was ineffective on sentencing matters—including failure to seek the suppression of prior convictions that were used against Movant during sentencing—and in prosecuting his appeal. (Id. at 8, 15, 17, 19).

Movant argues in Ground Two that the court abused its discretion when it refused to comply with obligations under the plea agreement, and in Ground Three

that counsel provided ineffective assistance when the government violated the plea agreement with counsel's approval.  (Id. at 5).  Movant argues that the government in the plea agreement agreed that it would request a sixty-month term of imprisonment, that the government dishonored that agreement, and that his counsel was pleased to go against Movant's rights.  (Id. at 20).  Movant argues in Ground Four that ineffective assistance of counsel caused him to miss out on an earlier, more favorable, plea agreement.  (Id. at 6).

On September 12, 2013, the Magistrate Judge issued her R&R.  In it, she determined that Movant's Grounds One and Four—which challenge counsel's assistance on the guilty plea, at sentencing, and on direct appeal—fail, including because Movant failed to show that his guilty plea was involuntary based on ineffective assistance of counsel, and because Movant failed to show prejudice.  (R&R at 11-14).  The Magistrate Judge found that Movant's Ground Two claim that the Court abused its discretion in refusing to comply with the obligations of the plea agreement fails because it is unexplained and conclusory.  (Id. at 14-15).  She determined that Ground Three—that counsel was ineffective for allowing the government to breach the plea agreement by failing to request a sixty-month term of imprisonment—also fails because the plea agreement does not contain a sixty-month agreement.  (Id. at 15).  The Magistrate Judge recommended the Court

deny a certificate of appealability.

Movant did not file any objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.     Analysis

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited, and "[o]nce [a]

defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982). A "final judgment commands respect[, and] . . . a collateral challenge may not do service for an appeal." Id. at 165. A defendant "must assert all available claims on direct appeal," Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004), and claims that a Section 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence, McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn, 365 F.3d at 1232 (internal quotation marks omitted) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)); see also Massaro v. United States, 538 U.S. 500, 505-509 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

On collateral review, it is the movant's burden to establish his right to relief.

See Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007) (stating that Section 2255 movants have the "burden of establishing their right to relief from the judgment against them").

The Magistrate Judge determined that Movant's Grounds One and Four—which challenge counsel's assistance on the guilty plea, at sentencing, and on direct appeal—fail. The appeal waiver is valid unless Movant can succeed on his claim that his guilty plea was involuntary based on ineffective assistance of counsel. The Magistrate Judge found that Movant fails to show ineffective assistance of counsel. (R&R at 11-14). The Magistrate Judge found that Movant's contentions that (i) he lacked knowledge of the elements of the charged offenses, (ii) counsel instructed him to reply to the court "in monosyllables: yes sir[,]" and (iii) Movant "merely responded [sic] accepted and surrendered his will power in his guilty plea according to the indications of his attorney hoping [sic] a mitigation of the punishment in the sentence[,]" are contradicted by the record. (Id. at 11-12). The Court finds no plain error in the Magistrate Judge's findings. Slay, 714 F.2d 1095.

The Magistrate Judge next found that Movant's assertion that counsel failed to pursue a viable entrapment defense fails because counsel was not required to pursue any defense once Movant decided to plead guilty, and a voluntary guilty

10

plea waives any pre-plea claims of ineffective assistance of counsel. The Court agrees. See Hutchins v. Sec'y for Dep't of Corr., 273 F. App'x 777, 778 (11th Cir. 2008) (holding that guilty plea waived ineffective assistance claim on statute of limitations defense).

The Magistrate Judge found that Movant's remaining arguments in Grounds One and Four do not show that his guilty plea was involuntary. (R&R at 13). The Court finds no plain error in the Magistrate Judges findings and recommendation. See Slay, 714 F.2d at 1095.

The Magistrate Judge also determined that Movant fails to show prejudice. (R&R at 14). Movant states that he seeks to be re-sentenced to a sixty-month term of imprisonment "in accordance to the signed plea agreement[.]" ([53]). The Magistrate Judge noted that the plea agreement does not contain any such term, and Movant does not set forth even a "bare allegation" that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. (R&R at 14 (citing Roach v. Roberts, 373 F. App'x 983, 985 (11th Cir. 2010) (a movant's "bare allegations that he would not have pleaded guilty is insufficient to establish prejudice"))). She concluded that, based on Movant's valid waiver, his challenges to his sentencing and counsel's assistance at sentencing and on appeal fail. (Id.).

11

The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

The Magistrate Judge next found that Movant's Ground Two claim that the Court abused its discretion in refusing to comply with the obligations of the plea agreement fails because it is unexplained and conclusory.  (Id. at 14-15).  She determined that Ground Three—that counsel was ineffective for allowing the government to breach the plea agreement by failing to request a sixty-month term of imprisonment—also fails because the plea agreement does not contain a sixty-month agreement.  (Id. at 15).  The Court finds no plain error in these findings and recommendations.  See Slay, 714 F.2d at 1095.

The Magistrate Judge recommended the Court deny a certificate of appealability.  Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The Court finds no plain error in the Magistrate Judge's recommendation that a COA be denied because it is not debatable that Movant fails to show that ineffective assistance of counsel rendered his guilty plea and appeal waiver invalid or that his plea agreement was breached. See Slay, 714 F.2d at 1095. Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [57] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Section 2255 Motion [53] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 29th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE